IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| PENNY CRENSHAW, ) <br> ) <br>    Plaintiff, ) <br> ) <br> v. ) <br> ) <br> FRANK BISIGNANO, Commissioner of ) <br> the Social Security Administration, ) <br> ) <br>    Defendant. ) | NO. 3:24-cv-00901 <br><br> JUDGE RICHARDSON |

## ORDER

Pending before the Court[1] is an amended report and recommendation (Doc. No. 26, "R&R") of the Magistrate Judge, which recommends that the Court grant Plaintiff's motion for judgment on the administrative record (Doc. No. 17, "Motion"). No objections to the R&R have been filed and the time for filing objections has now expired.[2]

Absent any objection to the statement of facts (regarding the procedural history and underlying circumstances of this case) set forth by the Magistrate Judge in the R&R, the Court adopts that factual background in its entirety and includes it here for reference.[3]

**A. Crenshaw's DIB Application**

Crenshaw applied for DIB on June 10, 2020, alleging that she has been disabled and unable to work since April 1, 2019, because of heart disease, diabetes, seizures, shoulder pain, arthritis, degenerative disc disease, headaches, insomnia,

---

[1] Herein, "the Court" refers to the undersigned District Judge, as opposed to the Magistrate Judge who authored the R&R.

[2] Under Fed. R. Civ. P. 72(b), any party has fourteen (14) days from receipt of the R&R in which to file any written objections to the Recommendation with the District Court. The R&R was filed on August 12, 2025. As of September 9, 2025, Defendant has not filed any objections.

[3] As noted in the R&R, references to the transcript of the administrative record (Doc. No 13) are referenced herein by the abbreviation "AR." All page numbers cited in the AR refer to the Bates stamp at the bottom right corner of each page.

atrial fibrillation, and high blood pressure. (AR 72.) The Commissioner denied Crenshaw's application initially and on reconsideration. (AR 70, 98.) At Crenshaw's request, an administrative law judge (ALJ) held a telephonic hearing regarding her application on May 2, 2023. (AR 33–53, 127–28.) Crenshaw appeared with counsel and testified. (AR 35, 37–49.) The ALJ also heard testimony from a vocational expert. (AR 49– 52.)

### B. The ALJ's Findings

On June 28, 2023, the ALJ issued a written decision finding that Crenshaw was not disabled within the meaning of the Social Security Act and applicable regulations and denying her claim for DIB. (AR 17–32.) The ALJ made the following enumerated findings:

> 1. The claimant last met the insured status requirements of the Social Security Act on March 31, 2023.
>
> 2. The claimant did not engage in substantial gainful activity during the period from her alleged onset date of April 1, 2019 through her date last insured of March 31, 2023 (20 CFR 404.1571 *et seq.*).
>
> 3. Through the date last insured, the claimant had the following severe impairments: ischemic heart disease, epilepsy, diabetes mellitus, spine disorder, and obesity (20 CFR 404.1520(c)).
>
> . . .
>
> 4. Through the date last insured, the claimant did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).
>
> . . .
>
> 5. After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant had the residual functional capacity to perform a range of medium work as defined in 20 CFR 404.1567(c). The claimant could frequently climb ramps and stairs; never climb ladders, ropes, or scaffolds; and frequently stoop, crouch, kneel, crawl, and balance. The claimant could have occasional exposure to extreme heat and extreme cold. The claimant should have avoided all exposure to work around hazardous machinery, moving parts, and work at unprotected heights.
>
> . . .
>
> 6. Through the date last insured, the claimant was capable of performing past relevant work as a home attendant (*Dictionary of*

> *Occupational Titles* (DOT) #354.377-014) and the composite of a cashier II (#211.462-010) and a salesperson, horticultural and nursery products (#272.357-022). This work did not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565).
>
> . . .
>
> 7. The claimant was not under a disability, as defined in the Social Security Act, at any time from April 1, 2019, the alleged onset date, through March 31, 2023, the date last insured (20 CFR 404.1520(f)).
>
> (AR 19–27.) The Social Security Appeals Council denied Crenshaw's request for review on June 6, 2024, making the ALJ's decision the final decision of the Commissioner. (AR 1–6.)
>
> **C. Appeal Under 42 U.S.C. § 405(g)**
>
> Crenshaw filed this action for review of the ALJ's decision on July 24, 2024 (Doc. No. 1), and the Court has jurisdiction under 42 U.S.C. § 405(g). Crenshaw argues that the ALJ erred in evaluating her testimony about her symptoms because the ALJ found that Crenshaw was not receiving significant ongoing medical treatment without considering possible reasons why Crenshaw was not receiving such treatment. (Doc. No. 17.) Crenshaw also argues that the ALJ erred by failing to include limitations for her shoulder pain in the residual functional capacity and by improperly evaluating medical opinion evidence from consulting physician Carol Cistola, M.D. (*Id.*) The Commissioner responds that the ALJ followed applicable SSA regulations and that the ALJ's determinations are supported by substantial record evidence. (Doc. No. 21.) Crenshaw's reply reiterates her principal arguments. (Doc. No. 22.)
>
> **D. Review of the Record**
>
> The ALJ and the parties have thoroughly described and discussed the medical and testimonial evidence in the administrative record. Accordingly, the Court will discuss those matters only to the extent necessary to address the parties' arguments.

(Doc. No. 26 at 2-4) (footnotes omitted). Based on her subsequent discussion, the Magistrate Judge concluded that Plaintiff's motion for judgment on the administrative record should be granted.

No party has filed objections to the R&R, and the time to file objections with the Court has passed, as explained in a footnote above.

When a magistrate judge issues a report and recommendation regarding a dispositive pretrial matter, the district judge must review *de novo* any portion of the report and recommendation to which a proper objection is made. Fed. R. Civ. P. 72(b)(3). The district judge may accept, reject, or modify the recommended disposition, review further evidence, or return the matter to the magistrate judge with instructions. *Id.* Fed. R. Civ. P. 72(b)(2) provides that a party may file "specific written objections" to a report and recommendation, and Local Rule 72.02(a) provides that such objections must be written and must state with particularity the specific portions of the magistrate judge's report or proposed findings or recommendations to which an objection is made. "The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object. Moreover, an objection that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an objection as that term is used in this context." *Frias v. Frias*, No. 2:18-cv-00076, 2019 WL 549506, at *2 (M.D. Tenn. Feb. 12, 2019) (internal citations and quotation marks omitted).

The failure to object to a report and recommendation releases the Court from its duty to independently review the matter. *Id.*; *Hart v. Bee Prop. Mgmt., Inc.*, No. 18-cv-11851, 2019 WL 1242372, at * 1 (E.D. Mich. Mar. 18, 2019) (citing *Thomas v. Arn*, 474 U.S. 140, 149 (1985)). A district judge is not required to review, under a *de novo* or any other standard, those aspects of a report and recommendation to which no objection is made. *Ashraf v. Adventist Health Sys./Sunbelt, Inc.*, 322 F. Supp. 3d 879, 881 (W.D. Tenn. 2018); *Benson v. Walden Sec.*, No. 3:18-CV-0010, 2018 WL 6322332, at *3 (M.D. Tenn. Dec. 4, 2018) (citing *Thomas*, 474 U.S. at 150).

Absent objection, the R&R (Doc. No. 26) is adopted and approved. Accordingly, Plaintiff's' motion for judgment on the administrative record (Doc. No. 17) is GRANTED, the

Commissioner's final decision is VACATED, and this matter is REMANDED to the Social Security Administration for further administrative proceedings consistent with the R&R.

Accordingly, the Clerk is DIRECTED to enter judgment pursuant to Fed. R. Civ. P. 58 and close the file.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE